## No. 108
## AMERICAN GLYCERINE CO. v. THOMAS et
Ohio Appeals, 3rd Dist., Paulding Co.
No. 47.    Decided June 30, 1926

**709. LEVY**—Plaintiff may enforce judgment upon which execution was levied on property in one county where order of court in an action in another county to which defendant was a party, did not authorize a receiver appointed for defendant to take possession of property in the first county.

First Publication of this Opinion

HUGHES, J.

The American Glycerine Co. in this case, seeks to enforce its judgment upon which execution was levied, upon property involved in this litigation in Paulding County. Its right to have this property taken in satisfaction if its debt is contested by W. H. Thomas who was appointed receiver of the principal defendant in this case and the case in Wood County, with an order issuing out of that court directing him as receiver to take possession of all the property described in that action, to wit; the action in Wood County.

The property involved here, was not in any way described in that action until after levy of the execution in Paulding County, when it was described by a cross petitioner, one Fitzpatrick, who was a mortgagee of the proptray; but who failed to refile his chattel mortgage within the statutory period provided for refiling of unsatisfied chattel mortgages.

The Court of Appeals held:

1. From a consideration of all the evidence in the case, it is clear that the plaintiff is entitled to have this property taken in satisfaction of its debt unless, as claimed by Fitzpatrick, he personally or by his agent took possession of same before the time expired in which he could have refiled his chattel mortgage, or unless the receiver Thomas is entitled to its possession, by virtue of the order issued in the Wood County case.

2. The evidence does not justify a finding that Thomas was ever ordered to take possession of this property before the levy of execution in Paulding County.

3. Fitzpatrick never had any intention to take possession of this property either by himself or his agent, and to exercise dominion over same; but to the contrary it was his intention to have the receiver take possession of it and thereby bring it back into the Wood County case to be administered upon.

Finding for the plaintiff.

Attorneys—Geer & Lane, Toledo, and Mervin Day, Paulding, for Company; W. H. McMellen for Thomas et.